IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

TRUSTEES OF THE SUBURBAN TEAMSTERS )
OF NORTHERN ILLINOIS PENSION FUND )
                 )
   Plaintiff,          )
                 )
v.                )  Case No 08 C 790
                 )
ROBI EXCAVATING, INC.       )  Judge Bucklo, Room 1441
an Illinois corporation,        )  Magistrate Judge Ashman
                 )
   Defendant.        )

## ANSWER

Defendant, Robi Excavating, Inc., by its attorneys, Burr E. Anderson, and pursuant to the Federal Rules of Civil Procedure, answer the complaint as follows:

### JURISDICTION AND VENUE

**1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.**

ANSWER: Admits action for collection. Denies remainder.

**2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. §1001-1461 ("ERISA").**

ANSWER: Admits.

**3. This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f), and 1451(c).**

ANSWER: Admits.

4. Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §1132(e)(2) and 1451(d), in that the Suburban Teamsters of Northern Illinois Pension Fund is administered at its principal place of business in West Chicago, Illinois.

ANSWER: Admits.

## PARTIES

5. Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND ("Fund"), and the Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

ANSWER: Admits.

6. The present trustees of the Pension Fund are the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. §1301(a)(10)(A). The Trustees administer the Pension Fund at 1275 W Roosevelt Road, West Chicago, Illinois.

ANSWER: Admits.

7. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

ANSWER: Admits.

8. ROBI EXCAVATING, INC., is an Illinois corporation with its principal place of business al Elgin, Illinois and is or was engaged in an industry affecting commerce.

ANSWER: Admits.

9. ROBI EXCAVATING, INC. and any other trades and business under common control with them (the "Robi Control Group") constitutes a single employer within the meaning of 29 U.S.C. 1301(b)(1) and the regulations thereunder.

2

ANSWER: Admits Robi is an employer, denies remainder.

10. The Robi Control Group is the "employer" for purposes if the determination of withdrawal liability under Title IV of ERISA.

ANSWER: Denies.

11. ROBI EXCAVATING, INC. was subject to collective bargaining agreements, executed between itself and Teamsters Local 673 under which ROBI EXCAVATING, INC. was required to make contributions to the Pension Fund on behalf of certain of its employees.

ANSWER: Admits.

## CLAIM FOR RELIEF

12. The Pension Fund has determined that during the plan year from January 1, 2005 to December 31, 200, the Robi Control Group permanently ceased to have an obligation to contribute the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. §1383.

ANSWER: Admits determination, and states further that the determination was erroneous. Denies Robi permanently ceased to have an obligation to contribute. Denies any action by defendant effected a complete withdrawal under Title IV of ERISA.

13. As a result of this complete withdrawal, al entities constituting the Robi Control Group including ROBI EXCAVATING, INC. incurred withdrawal liability to the Pension Fund in the amount of $20,011.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. §1381(b) (the "Withdrawal Liability").

ANSWER: Denies.

14. On or about July 2, 2007 ROBI EXCAVATING, INC. received a notice and demand for payment of withdrawal liability issued by the

3

Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382(2) and 1399(b)(1).

ANSWER: Denies.

15. The notice notified ROBI EXCAVATING, INC. that it was required to discharge its liability in two (2) quarterly payments beginning July 15, 2007 of $8,965.00 with a final payment of $2,340.00 on January 15, 2008.

ANSWER: Denies.

16. Pursuant to 29 U.S.C. 1399 (c)(2) withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review. No such request for review has been made by Defendant.

ANSWER: Admits provisions of 29 U.S.C. 1399 (c)(2) and states further that to the extent par. 16 of the complaint deviates from or misinterprets it, denies. Denies second sentence of par. 16 of the complaint.

17. To date no member of the Robi Control Group including Defendant, ROBI EXCAVATING, INC. has made any of the requested withdrawal liability payments to the Pension Fund.

ANSWER: Admits no payments and states that there is and was no obligation for defendant to make such payments.

18. As a result of the non-payment, the Robi Control Group is now liable for the full amount of withdrawal liability assessed of $20,011.00 together with interest calculated from the July 15, 2007 due date of the first missed payment.

ANSWER: Denies.

4

19.  The members of the Robi Control Group including Defendant, **ROBI EXCAVATING, INC. are jointly and severally liable for the withdrawal liability.**

**ANSWER:**  Denies.

**WHEREFORE,** defendant ROBI EXCAVATING, INC. prays that the complaint be dismissed.

### AFFIRMATIVE DEFENSES

1.  At no time did defendant terminate its collective bargaining agreement with the Union.

2.  At no time did defendant withdraw from the Union.

3.  At no time did defendant give notice to the funds, or their Trustees, that it was terminating its obligation to pay contributions to the funds.

ROBI EXCAVATING, INC.

By: _____
One of its attorneys

Burr E. Anderson
Anderson Law Offices
407 S Dearborn St., Suite 1085
Chicago, IL 60605
(312) 957-1100
Atty # 3121649

5