IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS ) <br> OF NORTHERN ILLINOIS PENSION FUND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBI EXCAVATING, INC. ) <br> an Illinois corporation, ) <br> ) <br> Defendant. ) | Case No 08 C 790 <br><br> Judge Bucklo, Room 1441 <br> Magistrate Judge Ashman |

### ROBI'S MOTION FOR SUMMARY JUDGMENT

ROBI EXCAVATING, INC. ("Robi"), by its attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure ("F.R.C.P."), moves for summary judgment, because there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. Robi states further:

**Res Judicata**

1. Plaintiff's Complaint seeks damages under the withdrawal liability provisions of Title IV of ERISA.

2. On October 18, 2005 plaintiff (or the "Fund") sued defendant over the same issue. *Trustees of the Suburban Teamsters Funds v. Robi Excavating, Inc.* 05 C 5977 (N.D. ILL. 2005)(Castillo, J.)("Robi I"). The parties settled Robi I and pursuant to a stipulation entered into by the parties herein, it was dismissed February 14, 2006, with prejudice. The stipulation is attached to movant's LR 56.1(a) statement as Exhibit C. The affidavit of Chris Garwacki attesting to complete payment of the settlement is attached to movant's LR 56.1(a) Statement as Exhibit A.

1

## No Withdrawal as a Matter of Law

3.     Furthermore, it is undisputed that the Fund's union sponsor, General Teamsters, Chauffeurs, Salesdrivers & Helpers, Local Union No. 673, in February 2006 terminated its contract with defendant based on the "one man unit" doctrine adopted by the National Labor Relations Board (see attached correspondence of Thomas L.Custer, Secretary-Treasurer of the Union, attached to the LR 56.1(a) statement as Exhibit B and made a part thereof).

4.     It is undisputed that the Fund subsequently assessed withdrawal liability against Robi pursuant to the union's determination that the union had terminated its contract with the Robi.

5.     As a matter of law the "one man unit" doctrine may be invoked only by employers. There was no legal basis herein for the unilateral application of this doctrine against Robi by the union and the Fund.

6.     Because the finding of withdrawal liability was premised on a legally baseless determination made by the union, defendant is entitled to judgment as a matter of law.

7.     Because the defense asserted herein calls only for a disposition of this matter on the basis of the law alone, and because there is no issue of fact as to the application of the one man unit rule by the union and the Fund, defendant was, and is not, required to present this defense to an arbitrator.

8.     Neither plaintiff nor defendant has sought arbitration herein. Plaintiff has commenced full-blown discovery. It would serve judicial economy for this Court to adjudicate this claim rather than refer the parties to an arbitrator.

WHEREFORE, defendant Robi Excavating, Inc. prays that this Honorable Court enter summary judgment in its favor and against plaintiff Trustees of the Suburban Teamsters of Northern Illinois Pension Fund.

Respectfully submitted,<br>
ROBI EXCAVATING, INC.<br><br>
One of its Attorneys

OF COUNSEL:
Burr E. Anderson
Anderson Law Offices
407 S Dearborn #1085
Chicago, IL 60605
(312) 957-1100
burranderson@employmentlawillinois.com
Atty# 3121649

3