## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

TRUSTEES OF THE SUBURBAN TEAMSTERS )
OF NORTHERN ILLINOIS PENSION FUND, )
                                       )
          Plaintiff.              )
                                         )
          v.                   )      Case No 08 C 790
                                         )
ROBI EXCAVATING, INC.            )      Judge Bucklo. Room 1441
an Illinois corporation.           )      Magistrate Judge Ashman
                                       )
          Defendant.          )

## MEMORANDUM OF LAW IN SUPPORT OF ROBI'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT III

Defendant Robi Excavating, Inc., by and through its attorneys Anderson Law Offices. now presents its memorandum of law in support of its motion for summary judgment.

Standards for Entry of Summary Judgment

The instant motion should be granted because there is no genuine issue as to any material fact and Robi is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett.* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc..* 211 F3d 392, 396 (7th Cir. 2000). To determine which facts are "material." this Court looks to the substantive law on which the Funds' claims against Robi rest. *Anderson v Liberty Lobby, Inc.,* 477 U.S. 242, 248. A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action, *Celotex, supra*, at 322.

1

To survive this motion, the Funds as nonmoving parties must make a sufficient showing of evidence for each essential element of their case on which they bear the burden at trial. *Id.* Hence the Funds must point to genuine issues of material fact. *McCoy v Harrison* 341 F3d 600, 604 (7th Cir. 2003). Any doubt as to the existence of a genuine issue for trial is resolved against Robi. *Cain v. Lane*, 857 F2d 1139, 1142 (7th Cir. 1988).

## ARGUMENT

### I

### THE SAME PARTIES HAVE BEEN IN THIS COURT OVER THE SAME DISPUTE, AND THAT COMPLAINT WAS DISMISSED WITH PREJUDICE

The funds and Robi have been through this before, in Judge Castillo's courtroom. In Case 05 C 5977 ("Robi I") plaintiff, based on its own unilateral termination of the parties' collective bargaining agreement, alleged that Robi had withdrawn from the fund. The fund asserted liability. The parties settled Robi I and by stipulation the case was dismissed with prejudice. (See Exhibits A, B. C to Rule 56.1 Statement).

*Res judicata* and Federal Rule of Civil Procedure 41(a)(1)(ii) control here. The same parties were in court over the same dispute and it was dismissed with prejudice. The stipulation to dismiss stated that the dismissal was with prejudice upon final payment of the settlement money.

2

## II
## IN APPLYING THE ONE MAN UNIT RULE,
## THE UNION AND PLAINTIFF DISREGARDED THE LAW

The established law under the National Labor Relations Act is that the National Labor Relations Board cannot require an employer to bargain with respect to a one-man unit. However, if an employer desires to bargain, it may. *Deklewa v. International Ass'n of Bridge, Structural and Ornamental Ironworkers, Local 3*, 282 NLRB 1375, *enforced*, 843 F2d 770 (3rd Cir. 1988), cert *denied*, 488 U.S. 889 (1988). There is nothing in the "one-man unit" rule that entails, or entitles a union to attempt, unilateral repudiation of the labor agreement by the union. All Board cases interpreting and applying the one-man unit rule consider only the prerogative of an employer to decline or accept bargaining, at its discretion. No such initiative by the union is contemplated or is relevant. *See, e.g.*, cases cited by the Teamsters Union in its letter to Robi (attached to Rule 56.1 statement), and *Haas Garage Door Co.*, 308 NLRB 1186 (1992); *Kirkpatrick Elec. Co.*, 314 NLRB___, No. 169 (1994); *Searls Refrigeration Co.*, 297 NLRB 133 (1989); *Stack Elec. Inc.*, 290 NLRB 575, 577 (1988).

This rule applies with equal force in ERISA multiemployer trust fund cases. *Laborers Health and Welfare Trust Fund for Northern California v. Westlake Development*, 53 F3rd 979 (9th Cir. 1995).

Furthermore, as a matter of labor law and ERISA policy, plaintiff's extension of the rule to permit trust funds (and unions) to implement unilateral terminations and impose withdrawal liability could reward arbitrary actions that violate the fiduciary obligations of trustees to the plan beneficiaries.

## CONCLUSION

There is no dispute that these parties tangled over this same issue before. They signed a stipulation to dismiss that explicitly provided for a dismissal with prejudice.

The fund's legal sole basis for imposing withdrawal liability was the one-man unit rule. and this rule only applies to an employer's election to bargain. Here. the union (and thereafter the fund) took a unilateral initiative to terminate defendant's contract, then impose withdrawal liability. This action had no basis in the law.

**WHEREFORE**, defendant Robi Excavating, Inc. prays that this Honorable Court enter summary judgment in its favor and against plaintiff Trustees of the Suburban Teamsters of Northern Illinois Pension Fund .

ROBI EXCAVATING, INC.

By: _____
One of its attorneys

OF COUNSEL
Burr E. Anderson
Anderson Law Offices
407 South Dearborn – Suite 1085
Chicago, IL 60605
(312) 957-1100

4