IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>ROBI EXCAVATING, INC.<br>an Illinois corporation,<br><br>Defendant. | No. 08 C 790<br><br>Judge Bucklo<br><br>Magistrate Judge Ashman |

**PLAINTIFFS' COMBINED L.R. 56.1(b)(3)(B) RESPONSE TO DEFENDANT'S L.R. 56.1 STATEMENT OF UNCONTESTED FACTS AND L.R. 56.1(a)(3) STATEMENT OF UNCONTESTED FACTS**

Plaintiffs, Trustees of the Suburban Teamsters of Northern Illinois Pension Fund, by and through its attorneys JOHN J. TOOMEY, ANTHONY B. SANDERS, AND ARNOLD & KADJAN, now presents its combined L.R. 56.1(b)(3)(B) response to Defendant Robi Excavating, Inc. ("Robi") Statement of Uncontested Facts, and L.R. 56.1(a)(3) Statement of Uncontested Facts.

**PLAINTIFFS' 56.1(b)(3)(B) RESPONSE TO DEFENDANT'S L.R. 56.1 STATEMENT OF UNCONTESTED FACTS**

1.  This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan. (Compl. ¶ 1).

    **Response:  Admit.**

2.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. §1001-1461 ("ERISA"). (Compl. ¶ 2).

1

**Response:    Admit.**

3.    Plaintiff is a trust fund administering benefits for employees of employers bound to contribute by collective bargaining agreement with General Teamsters, Chauffeurs, Salesdrivers & Helpers, Local Union No. 673, ("Union") (Compl.).

**Response:    Admit.**

4.    Robi Excavating, Inc. is an employer at all relevant times bound to make such contributions (Ans.)

**Response:    Admit that Robi Excavating, Inc. is an employer.  Deny that it was bound to make such contributions at all relevant times and deny that it was an "employer" who was signatory to a collective bargaining agreement with Teamsters 673 at all relevant times.  As detailed below in Plaintiffs' 56.1(a)(3) Statement of Uncontested Facts at Paragraphs 26 and 33, Robi Excavating, Inc. was only bound to make contributions until such time as it was no longer in a collective bargaining relationship and ceased to be required to contribute to the Fund.**

5.    The actions alleged arose in this judicial district.

**Response:    Admit.**

6.    The Union gave Robi notice of termination of the collective bargaining agreement in 2005 (Exhibit A, Garwacki affidavit).

**Response:    Admit.**

7.    The termination, initiated by the Union, was based on the "one-man unit" rule. (Exhibit A, Garwacki affidavit).

**Response:    Admit.**

8.    Plaintiffs sued defendant in Case 05 C 5977 ("Robi I") (Exhibit B).

**Response:    Admit.**

2

9. Plaintiffs in Robi I asserted a withdrawal had occurred.

**Response:    Admit.**

10. Plaintiffs made a determination that Robi withdraw based on the Union's application of the "one-man unit" rule (see Exhibit A).

**Response:    Admit .**

11. The parties settled Robi I (see Exhibit C).

**Response:    Admit.**

12. Under the settlement agreement Robi was obliged to pay, and paid in full, money to the funds (see Exhibit A).

**Response:    Admit.**

13. Pursuant to a stipulation (Exhibit C), Robi I was dismissed with prejudice.

**Response:    Admit.**

14. The withdrawal pleaded in the instant case is identical to the withdrawal pleaded in Robi I (see Complaint in Robi I and Complaint herein).

**Response:    Deny.  As stated below in Plaintiffs' 56.1(a)(3) Statement of Uncontested Facts at Paragraph 44, the withdrawal pleaded in "Robi I" was determined to have occurred during the plan year January 1, 2004 through December 31, 2004 and in the amount of $20,779.00.  The withdrawal pleaded in the instant case was determined to have occurred during the different plan year of January 1, 2005 through December 31, 2005 and in the different amount of $20,011.00.**

## **PLAINTIFFS' L.R. 56.1(a)(3) STATEMENT OF UNCONTESTED FACTS**

### The Fund

15.     Plaintiffs Trustees of the Suburban Teamsters of Northern Illinois Pension Fund ("Trustees") are the plan sponsors of the Pension Fund ("Fund") for the Suburban Teamsters of Northern Illinois, within the meaning of Section 4001(a)(10)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1301(a)(10(A). Answer, ¶¶ 5-6; Colin Aff., ¶ 3.

16.     The Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 28 U.S.C. §§ 1002(37) and 1301(a)(3). Answer, ¶ 5; Colin Aff., ¶ 4.

17.     The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements on behalf of employees of the participating employers. Colin Aff., ¶ 5.

18.     All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund. Colin Aff., ¶ 6.

### The Defendant

19.     Defendant Robi is an Illinois corporation with its principal place of business at Elgin, Illinois and is or was engaged in an industry affecting commerce. Answer, ¶ 8.

### Jurisdiction and Venue

20.     Personal and subject matter jurisdiction over this action is based upon 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c), which have not been objected to by Defendant. Answer, ¶ 3.

21.     The Trustees administer the Fund at 1275 W. Roosevelt Road, West Chicago, Illinois, which is within the District of this Court. Answer, ¶¶ 4, 6; Colin Aff., ¶ 1.

### Robi's Operations

22.     From at least the year ending December 31, 1997 and through the year ending December 31, 2005, Robi employed persons represented for collective bargaining by Teamsters Local 673, whose members participate in the Fund.  Colin Aff., ¶ 7.

23.     Robi was subject to a collective bargaining agreement between itself and Teamsters Local 673 requiring Robi to make contributions to the Fund on behalf of certain of its employees.  Answer, ¶ 11.

24.     From at least the year ending December 31, 1997 and through the year ending December 31, 2005, employees of Robi performed work for which Robi then made pension contributions to the Fund for its employees represented by Teamsters Local 673, as called for in the collective bargaining agreement.  Colin Aff., ¶ 8; C. Garwicki Dep., p. 6.

### Cessation of the Collective Bargaining Relationship

25.     December 31, 2005 was the last month for which Robi contributed to the Fund on behalf of its employees for work performed.  Response to Plaintiffs' Req. to Admit, ¶ 1; Colin Aff., ¶ 10; C. Garwicki Dep., p. 9.

26.     The notice that Teamsters 673 mailed to Robi which terminated their collective bargaining agreement gave notice of the Union's "intent to terminate [Robi's] current collective bargaining agreement upon contract expiration, March 31, 2006."  Ex. A to Ex. A to Robi's Rule 56.1 Statement.

27.     Robi contributed on only two employees during the period October 1, 2004 through March 31, 2006.  One of these employees, Chris Garwacki, was the President of Robi.  The other employee, Jesse Silva, only worked during the months of June, July, and August, 2005 during that period.  Colin, Aff., ¶ 9; C. Garwacki Dep., p. 4.

28.     The contributions Robi made to the Fund for work performed during June through August, 2005 were made pursuant to a settlement agreement and installment notes that settled

case no. 05-C-5977 in the United States District Court for the Northern District of Illinois. Colin Aff., ¶ 11, Ex. A; C. Garwicki Dep., 12, Ex. 3.

29. The settlement agreement consisted of two installment notes, one for the Pension Fund and one for the Welfare Fund. Chris Garwacki, President of Robi, signed each note in his corporate and individual capacity. Each installment note states next to the signatures: "Audit period June, 2005 through August, 2005." Colin, ¶ 20, Ex. A; C. Garwicki Aff., p. 12.

30. The Pension Fund did not enter into the settlement agreement in order to settle its withdrawal liability claim against Robi but merely to receive payment for contributions owed under the collective bargaining agreement. Colin aff., ¶ 20.

31. The Trustees of the Fund, through its Fund Manager Jose M. Colin, originally sent notice of a withdrawal liability determination to Robi on April 29, 2005. This determination was based upon the fact that the Union had severed its collective bargaining relationship with Robi under the "one-man unit" rule, and based upon the fact that Robi had not contributed to the Fund for any months since September, 2004. Colin aff., ¶ 18.

32. After receiving no response from Robi, including no request for review or request for arbitration, the Fund filed suit to collect the withdrawal liability stated in the April 29, 2005 letter. After suit was filed it came to light that although Robi had not paid any contributions to the Fund for work performed during 2005, Robi had been performing bargaining unit work for which it was still obligated to contribute to the Fund. Therefore, after Robi began to defend itself in the case, the case was settled for the amount owed in contributions to the Fund and the Welfare Fund, not for withdrawal liability. The Fund, on behalf of itself and the Welfare Fund, later moved to reinstate the case and for judgment, but withdrew the motion. Colin Aff., ¶ 19; C. Garwicki Dep., Ex. 3.

**Withdrawal Liability and Notice Thereof**

33. Robi ended up withdrawing from the Fund in 2005, not 2004 as the Fund at first believed, through the expiration of its collective bargaining agreement with Teamsters 673 on March 31, 2006 and the fact that no employees of Robi performed work within the scope of the collective bargaining agreement after December 31, 2005 for the remainder of the collective bargaining agreement's term. Colin Aff., 21.

34. On July 2, 2007, the Fund Manager for the Trustees, Jose M. Colin, sent Robi a letter stating that, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as modified by the Multiemployer Pension Plan Amendments Act of 1980, the plan's sponsor was notifying Robi of the amount of withdrawal liability that it had incurred due to the cessation of its obligations to contribute to the Fund. Response to Plaintiffs' Req. to Admit, Ex. A; Response to Plaintiffs' Req. to Admit., ¶ 5; Colin Aff., ¶ 14; C. Garwicki Dep 6, Ex. 2.

35. The July 2, 2007, letter from Mr. Colin was received by Robi in July, 2007. Response to Plaintiffs' Req. to Admit., ¶ 5; C. Garwacki Dep., p. 6; Z. Garwacki Dep., p. 4-6.

36. The July 2, 2007, letter from Mr. Colin, on behalf of the Trustees, stated, *inter alia*, that:

> Robi Excavating, Inc. completely withdrew from the Suburban Teamsters of Northern Illinois Pension Fund ("Pension Fund") during the plan year ending on December 31, 2005. Under the provisions of Section 4219 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as modified by the Multiemployer Pension Plan Amendments Act of 1980, you are hereby notified that your company is obligated to pay the Pension Fund the amount of $20,011.00 as a withdrawal liability assessment. This amount is payable in quarterly installments of $8,965.00, commencing on July, 15, 2007, and with following payment in the same amount due on October 15, 2007, with a final payment of $2,340.00 due on January 15, 2008. . . .
>
> If you fail to make any payment when due, the entire balance will become immediately due and payable and the Pension Fund will assess interest from the due date and will undertake appropriate legal action to collect the withdrawal liability. I also direct your attention to ERISA Sections 4219 and 4221 for a description of rights you may have in connection with this assessment of withdrawal liability.

Response to Plaintiff's Req. to Admit, Ex. A; C. Garwacki Dep., p. 6; C. Garwacki Dep, Ex. 2.

37. The amount of withdrawal liability, and the payment schedule, were calculated by the Fund's actuary. Using the presumptive allocation method, allowed for under Section 4211(b) of ERISA, 29 U.S.C. Section 1391, the amount of Robi's total withdrawal liability was calculated to be $20,011.00. Feinstein Aff., ¶¶ 8, 12.

38. The Fund's actuary also calculated a quarterly payment schedule. That schedule required two (2) payments of $8,965.00 per quarter, plus a final payment of $2,340.00. Feinstein Aff., ¶ 12.

### Robi's Failures to Pay, Request a Review or Request Arbitration

39. Robi failed to make its first withdrawal liability payment of $8,965.00 by the due date of July 15, 2007. Answer, ¶ 17; Response to Plaintiffs' Req. to Admit, ¶ 15; Colin Aff., ¶ 17; C. Garwicki Dep., p. 7.

40. Robi failed to make the second withdrawal liability payment of $8,965.00 by the due date of October 15, 2007, as well as the third and final withdrawal liability payment of $2,340.00 by the due date of January 15, 2008. Answer, ¶ 17; Response to Plaintiffs' Req. to Admit, ¶ 15; Colin Aff., ¶ 17; C. Garwicki Dep., p. 7.

41. Robi has not paid any amount of the withdrawal liability requested by the Fund in the July 2, 2007 letter. Answer, ¶ 17; Response to Plaintiffs' Req. to Admit, ¶ 15; Colin Aff., ¶ 17; C. Garwicki Dep., p. 7.

42. Robi has failed, at any time, to request arbitration of any dispute concerning the withdrawal liability determination of the Trustees. Response to Plaintiffs' Req. to Admit ¶ 12; Colin Aff., ¶ 16; C. Garwicki, p. 7.

43. Robi failed to request review of the Fund's determination of withdrawal liability within 90 days of the letter from the Fund dated July 2, 2007. Response to Plaintiffs' Req. to Admit ¶ 11; Colin Aff., ¶ 15; C. Garwicki, p. 7.

44.     The withdrawal pleaded in "Robi I," the prior case, was determined to have occurred during the plan year January 1, 2004 through December 31, 2004 and in the amount of $20,779.00. The withdrawal pleaded in the instant case was determined to have occurred during the different plan year of January 1, 2005 through December 31, 2005 and in the different amount of $20,011.00. C. Garwicki Dep., Exs. 4-5.

          Respectfully submitted,

          TRUSTEES OF THE SUBURBAN TEAMSTERS OF
          NORTHERN ILLINOIS PENSION FUND, Plaintiffs,

          By:     /s/ Anthony B. Sanders
                     One of Its Attorneys

JOHN J. TOOMEY
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415