IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND, <br><br>Plaintiff, <br><br>v. <br><br>ROBI EXCAVATING, INC. an Illinois corporation, <br><br>Defendant. | ) ) ) ) ) ) No. 08 C 790 ) ) Judge Bucklo ) ) Magistrate Judge Ashman ) ) |

### AFFIDAVIT

I, Jose M. Colin, upon being first duly sworn, on oath deposes and states:

1. Affiant is the Fund Manager of the Suburban Teamsters of Northern Illlinois Pension Fund ("Fund"), located at 1275 W. Roosevelt Road, West Chicago, Illinois.

2. As part of my responsibilities for the Fund, I advise and oversee the collection of contributions, withdrawal liability, and correspondence between the Fund and employers.

3. The Trustees are the plan sponsor of the Fund within the meaning of Section 4001(a)(10)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1301(a)(10(A).

4. The Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 28 U.S.C. §§ 1002(37) and 1301(a)(3).

5. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements on behalf of employees of the participating employers.

6. All principal and income from such contributions and investments thereof is held

1

and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.

7. From a review of the reporting history of Robi Excavating, Inc. ("Robi"), I can conclude that from at least the year ending December 31, 1997 and through the year ending December 31, 2005, Robi employed persons represented for collective bargaining by Teamsters Local 673, whose members participated in the Fund.

8. Also from a review of its reporting history, I can conclude that from at least the year ending December 31, 1997 and through the year ending December 31, 2005, employees of Robi performed work for which Robi then made pension contributions to the Fund for its employees represented by Teamsters Local 673, as called for in the collective bargaining agreement.

9. Also from a review of its reporting history, I can conclude that Robi contributed on only two employees during the period October 1, 2004 through March 31, 2006. One of these employees, Chris Garwacki, was the President of Robi. The other employee, Jesse Silva, only worked during the months of June, July, and August, 2005 during that period.

10. Robi has not made any pension contributions to the Fund on behalf of any of its employees for work performed for any months since December 31, 2005.

11. The contributions Robi made to the Fund for work performed during June through August, 2005 were made pursuant to a settlement agreement through installment notes that settled case no. 05-C-5977 in the United States District Court for the Northern District of Illinois.

12. In assessing withdrawal liability, the Fund applies the "presumptive" method, as described in 29 U.S.C. § 1391.

2

13. David C. Feinstein of Cheiron, Inc. completed a determination of the withdrawal liability of Robi.

14. I, on behalf of the Trustees of the Fund, sent notice of this determination to Robi on July 2, 2007.

15. At no point within 90 days of the receipt of the July 2, 2007 letter did Robi, or its counsel, request review of our determination of withdrawal liability.

16. At no point did Robi, or its counsel, request arbitration of the withdrawal liability stated in the July 2, 2007 letter.

17. At no point did Robi pay any amount of its withdrawal liability stated in the July 2, 2007 letter.

18. I, on behalf of the Trustees of the Fund, originally sent notice of a withdrawal liability determination to Robi on April 29, 2005. This determination was based upon the fact that the Union had severed its collective bargaining relationship with Robi under the "one-man unit" rule, and based upon the fact that Robi had not contributed to the Fund for any months since September, 2004.

19. After receiving no response from Robi, including no request for review or request for arbitration, the Fund filed suit to collect the withdrawal liability stated in the April 29, 2005 letter. After suit was filed it came to light that although Robi had not paid any contributions to the Fund for work performed during 2005, Robi had been performing bargaining unit work for which it was still obligated to contribute to the Fund. Therefore, after Robi began to defend itself in the case, the case was settled for the amount owed in contributions to the Fund and the Welfare Fund, not for withdrawal liability.

20. The settlement agreement consisted of two installment notes, one for the Pension

3

Fund and one for the Welfare Fund. The Pension Fund did not enter into the settlement agreement in order to settle its withdrawal liability claim against Robi but merely to receive payment for contributions owed under the collective bargaining agreement. Copies of these installment notes are attached as Exhibit A.

21. Robi ended up withdrawing from the Fund in 2005, not 2004 as the Fund at first believed, through the expiration of its collective bargaining agreement with Teamsters 673 on March 31, 2006 and the fact that no employees of Robi performed work within the scope of the collective bargaining agreement after December 31, 2005 for the remainder of the collective bargaining agreement's term.

22. Affiant is not currently suffering any infirmities and is competent to testify to all the foregoing.

FURTHER AFFIANT SAYETH NOT.

_____
Jose M. Colin

SUBSCRIBED AND SWORN TO
before me this 23 day
of June 2008

_____
Deborah K. Simmons
Notary Public

```
OFFICIAL SEAL
DEBORAH K. SIMMONS
Notary Public, State of Illinois
My commission Expires 05-30-12
```

4

Exhibit A

FROM Case 1:08-cv-00790  Document 21-7  Filed 06/25/2008  Page 6 of 7 (FRI) JUN 20 2008 15:50/ST. 15:47/No. 7500000564 P 7

01/25/2006 Case 1:05-cv-05977  Document 23-3  Filed 03/24/2006  Page 4 of 10  PAGE 05
01-24-'06 15:03  FROM-Arnold & Kadjan  3123418438  T-494  P005/008  F-441

## INSTALLMENT NOTE- PENSION

**$8,281.08 principal and interest**                                     **January 24, 2006**

For Value Received, the undersigned promises to pay to the order of **SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND**, the principal sum of **Eight Thousand Five Dollars and 60/100 ($8,005.60)** Dollars. The remaining unpaid principal shall bear interest at the rate of 10% per annum over the life of the note.

Employer shall make a down payment of $3,000.00 on February 1, 2006.

Employer shall pay on the **1st** day of **March, 2006**, the sum of **Four Hundred Forty and 09/100 Dollars ($440.09)**; on the **1st** day of each month thereafter for 10 consecutive months the sum of **Four Hundred Forty and and 09/100 ($440.09)** Dollars, and a final payment of **Four Hundred Forty and 09/100 ($440.09)** Dollars on the **1st** day of **February, 2007**.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of **18** per cent per annum. Payments of both principal and interest shall be made at **ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL 60604-3958** or such other place as the legal holder hereof may from time to time in writing appoint.

**EMPLOYER IS TO REMAIN CURRENT IN ITS FUND CONTRIBUTIONS DURING THE TERM OF THIS NOTE.** Failure to do so will be considered a default, causing the remaining unpaid Note balance to become immediately due and payable.

The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint and several.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

Audit period
June, 2005 through
August, 2005

ROBI EXCAVATING, INC.

By: _____
Chris Gwacki, President

_____
Chris Gwacki, Individually

The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act, 29 U.S.C. 1145 and is given in settlement of the lawsuit filed in Case No. 05 C 5977 in the Federal District Court for the Northern District of Illinois.

## INSTALLMENT NOTE- WELFARE

$11,654.85 principal and interest          January 24, 2006

For Value Received, the undersigned promises to pay to the order of **SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE FUND** the principal sum of Eleven Thousand Two Hundred Three Dollars and 80/100 ($11,203.80) Dollars. The remaining unpaid principal shall bear interest at the rate of 10% per annum over the life of the note.

Employer shall make a down payment of $3,000.00 on February 1, 2006.

Employer shall pay on the 1st day of March, 2006, the sum of Seven Hundred Twenty One and 24/100 Dollars ($721.24); on the 1st day of each month thereafter for 10 consecutive months the sum of Seven Hundred Twenty One and 24/100 ($721.24) Dollars, and a final payment of Seven Hundred Twenty One and 24/100 ($721.24) Dollars on the 1st day of February, 2007.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of 15 per cent per annum. Payments of both principal and interest shall be made at ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL. 60604-3958 or such other place as the legal holder hereof may from time to time in writing appoint.

**EMPLOYER IS TO REMAIN CURRENT IN ITS FUND CONTRIBUTIONS DURING THE TERM OF THIS NOTE.** Failure to do so will be considered a default, causing the remaining unpaid Note balance to become immediately due and payable.

The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint and several.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

Audit period          ROBI EXCAVATING, INC.
June, 2005 through
August, 2005

By: _____
Chris Garwacki, President

_____
Chris Garwacki, Individually

The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act, 29 U.S.C. 1145 and is given in settlement of the lawsuit filed in Case No. 05 C 5977 in the Federal District Court for the Northern District of Illinois.