1

1  IN THE DISTRICT COURT OF THE UNITED STATES
   FOR THE NORTHERN DISTRICT OF ILLINOIS
2  EASTERN DIVISION

3

4  TRUSTEES OF THE SUBURBAN        )
   TEAMSTERS OF NORTHERN           )
5  ILLINOIS PENSION FUND,          )
                                   )
6            Plaintiff,            )
                                   )
7      vs.                         )   No. 08 C 790
                                   )
8  ROBI EXCAVATING, INC.           )
   an Illinois corporation,        )
9                                  )
             Defendant.            )
10

11

12         The deposition of CHRIS GARWACKI, called by

13  the plaintiff for examination, pursuant to notice

14  and pursuant to the Rules of Civil Procedure for the

15  United States District Courts, taken before Lydia B.

16  Pinkawa, CSR and Notary Public in and for the County

17  of Cook and State of Illinois, on June 16, 2008, at

18  10:20 a.m., at 19 West Jackson Boulevard, Chicago,

19  Illinois.

20

21

22

23

24

**M E R R I L L   L E G A L   S O L U T I O N S**

311 S. Wacker Drive, Suite 300          312.386.2000 Tel
Chicago, IL 60606
www.merrilcorp.com/law

2

```
 1              PRESENT:

 2              ARNOLD & KADJAN,
                By MR. ANTHONY B. SANDERS,
 3              19 West Jackson Boulevard, Suite 300,
                Chicago, Illinois  60604,
 4              (312) 236-0415

 5                appeared on behalf of plaintiff,

 6              ANDERSON LAW OFFICES,
                By MR. BURR E. ANDERSON,
 7              407 South Dearborn Street, Suite 1085,
                Chicago, Illinois  60605,
 8              (312) 957-1100

 9                appeared on behalf of defendant.

10

11

12              ALSO PRESENT:

13                Mr. Zygmunt Garwacki

14

15

16

17

18

19

20

21

22

23

24
```

3

1                         I  N  D  E  X

2

3       WITNESS

4           Chris Garwacki

5       EXAMINED BY                              PAGE

6           Mr. Sanders                          4, 20

7           Mr. Anderson                          19

8       EXHIBITS MARKED                          PAGE

9           No. 1                                 5

10          No. 2                                 6

11          No. 3                                 9

12          No. 4                                13

13          No. 5                                15

14          No. 6                                17

15

16

17

18

19

20

21

22

23

24

4

1                         CHRIS GARWACKI,

2     having been first duly sworn, was examined and

3     testified as follows:

4                      DIRECT EXAMINATION

5     BY MR. SANDERS:

6         Q     Could you please state your name for the

7     record?

8         A     Chris Garwacki.

9         Q     And Mr. Garwacki, have you given a

10    deposition before?

11        A     Yes, I have.

12        Q     So you know to speak clearly and not talk

13    over each other so she can get all the words down.

14    Is there any reason you're unable to give truthful

15    answers today, any medication you might be on that

16    could impair you?

17        A     No.

18        Q     What is your relationship to a company

19    named Robi Excavating, Inc.?

20        A     I'm the president of the company.

21        Q     And the company is currently operating?

22        A     Yes.

23        Q     Now, did in the past at some point Robi,

24    I'll just refer to it as Robi, did Robi have a

5

1      relationship with Teamsters Local 673?

2           A      Yes.

3           Q      And I should add, back up, you are giving

4      answers today, I understand, on behalf of Robi

5      Excavating, Inc., is that right?

6           A      Yes.

7                  (Documents marked as Garwacki Deposition

8                  Group Exhibit No. 1 for identification.)

9           Q      Now, I have here proffered as Exhibit 1 --

10     and by the way, the exhibit numbers I'll use for

11     both deps.

12                 MR. ANDERSON:   Okay.

13     BY MR. SANDERS:

14          Q      Do you recognize what this document is?

15          A      Yes, I do.

16          Q      And what is it?

17          A      It's a signature page for -- to sign with

18     the union.

19          Q      And is that your signature?

20          A      Yes.

21          Q      So this was a collective bargaining

22     agreement that Robi Excavating entered into with

23     Teamsters 673 in 1994?

24                 MR. ANDERSON:   I object only in that it

6

```
 1            appears to be an excerpt of a collective

 2            bargaining agreement.

 3       BY MR. SANDERS:

 4            Q    Withdraw and say this is a signature page

 5       of a collective bargaining agreement between Robi

 6       and 673?

 7            A    Correct.

 8            Q    Now, as an employer signed up with 673,

 9       isn't it true that Robi paid into the Suburban

10       Teamsters Pension Fund?

11            A    Yes.

12                 (Documents marked as Garwacki Deposition

13                  Group Exhibit No. 2 for identification.)

14            Q    I now am providing Exhibit 2.  Do you

15       recognize this document?

16            A    Yes, I do.

17            Q    And what do you understand the document to

18       be?

19            A    It's a penalty for withdrawal liability.

20            Q    And do you, yourself, remember receiving

21       this document?

22            A    Yes.

23            Q    In the mail?

24            A    Yes.
```

1    Q    If you'd turn to the last page, there is a

2    copy of a signature card.  Do you recognize who

3    signed for the card or whose signature is on it?

4    A    That's my brother's wife.

5    Q    And who is the card actually addressed to?

6    A    Zygmunt Garwacki.

7    Q    And that's your brother?

8    A    Right.

9    Q    And that's the gentleman here today?

10   A    Correct.

11   Q    Now, since this card, this was received, it

12   looks like in July of '07, has Robi Excavating made

13   any payments towards this withdrawal liability?

14   A    No.

15   Q    Has Robi requested of the Suburban

16   Teamsters Pension Fund a review of the amount of

17   withdrawal liability?

18   A    No.

19   Q    And has Robi Excavating asked for

20   arbitration regarding the withdrawal liability?

21   A    No.

22   Q    And who is the, who is or who are the

23   owners of Robi Excavating?

24   A    Me and my brother Zygmunt.

8

1      Q    And do you own it 50/50?

2      A    Yes.

3      Q    You, yourself, do you own or control any

4   other businesses?

5      A    No.

6      Q    No other corporations?

7      A    No.

8      Q    Any unincorporated businesses such as a

9   partnership?

10     A    No.

11          MR. ANDERSON:  Let him finish.

12   BY MR. SANDERS:

13     Q    How about or a sole proprietorship that you

14   run separately?

15     A    No.

16     Q    And do you own any stock in any businesses

17   that is a controlling amount other than Robi?

18     A    No.

19     Q    And as of December 31, 2005, was the

20   controlling, your controlling interest the same in

21   Robi, 50/50?

22     A    Yes.

23     Q    Now, when did Robi last pay into the

24   Suburban Teamsters Pension Fund, from the best of

9

1    your knowledge?  Or perhaps not when the payment

2    was made, but the period of time the payment

3    represented.

4        A    I don't remember exactly.

5        Q    Was it in 2005?

6        A    I believe so.

7        Q    And when did Robi last employ any

8    Teamsters?

9        A    For the period that was listed on the audit

10   and we have some recently.

11       Q    Okay, what local do those Teamsters belong

12   to?

13       A    They don't.

14       Q    Okay.  So they are performing Teamster work

15   but they're not -- that would have been covered by

16   the old agreement but they're not actually members

17   of a Teamster local?

18       A    Correct.

19            (Documents marked as Garwacki Deposition

20            Group Exhibit No. 3 for identification.)

21       Q    All right, what I now have is Exhibit 3,

22   what I've marked.  Now, this is a public document.

23   It was filed in a previous lawsuit.  I don't know

24   whether or not, because it's something that lawyers

1    bandy back and forth, that you'd be familiar with it

2    yourself.  But if you'd turn nine pages to what is

3    marked on the page previously as Exhibit A, do you

4    recognize this document, this page?

5         A    Yes, I do.

6         Q    And what is this document?

7         A    I believe it's a payment agreement plan.

8         Q    And it's a payment plan for the Suburban

9    Teamsters Pension Fund?

10        A    Yes.

11        Q    And is that your signature on the document?

12        A    Yes, it is.

13        Q    So isn't it true you signed this on behalf

14    of Robi in order to pay amounts that Suburban

15    Teamsters stated were owed to the pension fund?

16        A    Correct.

17        Q    And it looks like on here it says --

18        A    Excuse me.

19             (Whereupon a brief interruption occurred.)

20        Q    And then if we look down to near the bottom

21    of the page, and it says audit period June 2005

22    through August 2005, isn't it true that what is

23    being paid through this note is amounts that were

24    owed for that audit period?

11

1           MR. ANDERSON:  Objection.  Where is this

2       reference to the audit period?

3           MR. SANDERS:  It's right here, on the left

4       of the signature on the page.

5       A    Correct.

6       Q    Okay.  And if you turn two pages, there's

7   another document.  Do you recognize this document?

8       A    Not completely, but I'm sure I've seen it

9   before.

10      Q    Oh, I'm sorry.  I might have -- I think we

11  might have been looking at something different.  If

12  you turn back two pages, is that what we were just

13  looking at?

14      A    Yes.

15      Q    I'm sorry, you were just looking at?

16      A    Right.

17      Q    Isn't it true that this says installment

18  note, welfare?

19      A    Correct.

20      Q    I think we were confused.  If you'd turn

21  two pages before that --

22      A    That would be the pension part.

23      Q    Right.  So maybe we can just state for the

24  record that there's two installment notes in this

12

1       packet.  One is for welfare, one is for pension?

2           A       Correct.

3           Q       And you signed both of those on behalf of

4       Robi?

5           A       Yes.

6           Q       And if you look on both of them, right by

7       the signature line, isn't it true that both of them

8       state they're for the audit period June 2005 through

9       August 2005?

10          A       Yes, that's what's stated.

11          Q       Okay.  Do you have any reason to contend it

12      was paying anything other than that?

13          A       No.

14          Q       Now, these were signed to settle a previous

15      lawsuit with the Suburban Teamsters, is that right?

16          A       Previous audit.

17          Q       Previous audit, okay.  And this note was

18      signed after a lawsuit had been filed against Robi

19      by the Suburban Teamsters?

20          A       Yes.

21          Q       And if you'd turn to the very front of the

22      document, very first page, isn't it true that the

23      caption up there where it says Trustees of Suburban

24      Teamsters of Northern Illinois Pension Fund vs.

1    Robi, that this was, these were the parties in that

2    case?

3        A    Yes.

4        Q    Okay.   But in settling this lawsuit, you

5    signed a note that agreed to pay the pension fund

6    and the welfare fund?

7        A    Correct.

8            (Documents marked as Garwacki Deposition

9             Group Exhibit No. 4 for identification.)

10        Q    Now, if we move on to what I have marked as

11    Exhibit 4.   Do you recognize this document?   It's

12    okay if you don't.   It's kind of an old one.

13        A    No, I don't, actually.

14            MR. SANDERS:   Okay.   I'd ask counsel if

15        he'd stipulate this is a complaint filed in

16        lawsuit 05 C 5977.

17            MR. ANDERSON:   Yes, I'll stipulate that it

18        is.   I won't stipulate that he recognizes it.

19            MR. SANDERS:   Absolutely.

20            MR. ANDERSON:   But I'll stipulate to the

21        document.

22            MR. SANDERS:   Okay.

23        Q    And this document, although I understand

24    you do not recognize it, but do you recognize that

ADDENDUM
ATTACHED

ORIGINAL

ROBI EXCAVATING, INC.
191 E. STEVENSON DR.
GLENDALE HEIGHTS, IL 60139


THE

DUPAGE COUNTY

CONSTRUCTION AGREEMENT

AND

TEAMSTERS LOCAL 673

EFFECTIVE APRIL 1, 1994  THROUGH MARCH 31, 1997

EXHIBIT

1



1

<u>**NON-ASSOCIATION EMPLOYERS**</u>
**-SIGNATURE PAGE-**

EMPLOYER: <u>Robi Excavating, Inc.</u>

ADDRESS: <u>191 E. Stevenson Dr.</u>
<u>Glendale Heights, IL  60563</u>

SIGNATURE

TITLE

PHONE: <u>(708) 510-9109</u>

TEAMSTERS UNION LOCAL 673
1050 W. ROOSEVELT ROAD
WEST CHICAGO,IL. 60185

*Thomas J Custer*

THOMAS L. CUSTER
SECRETARY-TREASURER &
BUSINESS MANAGER

PHONE: <u>(708) 231-6660</u>

**EFFECTIVE DATE OF THIS AGREEMENT:** *July 1, 1994*

32

# SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND

1275 WEST ROOSEVELT ROAD, UNIT 121, WEST CHICAGO, ILLINOIS 60185

TELEPHONE 630-293-0390    FAX 630-562-0581

July 2, 2007

BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED
And Regular Mail



Mr. Chris Garwacki, President
Robi Excavating, Inc.
4460 Barharbor Drive
Lake In the Hills, IL 60102

Mr. Chris Garwacki
Register Agent
Robi Excavating, Inc.
150 Woodview Drive
Elgin, IL 60120

Mr. Zygmunt Garwacki
Secretary
Robi Excavating, Inc.
1124 Foxpath
West Dundee, IL 60118

Re: Withdrawal Liability

Gentlemen:

Robi Excavating, Inc. completely withdrew from the Suburban Teamsters of Northern Illinois Pension Fund ("Pension Fund") during the plan year ending on December 31, 2005. Under the provisions of Section 4219 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as modified by the Multiemployer Pension Plan Amendments Act of 1980, you are hereby notified that your company is obligated to pay the Pension Fund the amount of $20,011.00 as a withdrawal liability assessment. This amount is payable in quarterly installments of $8,965.00, commencing on July 15, 2007, and with following payment in the same amount due on October 15, 2007, with a final payment of $2,340.00 due on January 15, 2008. You may also discharge your obligation with a single payment of $20,011.00, payable on July 15, 2007. I have enclosed a copy of the calculation of the withdrawal liability.

Robi Excavating, Inc.
July 2, 2007
Page 2

If you fail to make any payment when due, the entire balance will become immediately due and payable and the Pension Fund will assess interest from the due date and will undertake appropriate legal action to collect the withdrawal liability.  I also direct your attention to ERISA Sections 4219 and 4221 for a description of rights you may have in connection with this assessment of withdrawal liability.

Sincerely,

Jose Colin

Encl
cc:     Mr. Barry G. Collins
        Mr. David Feinstein
        Mr. John J. Toomey

**Suburban Teamsters of Northern Illinois Pension Plan**
Estimated Withdrawal Liability - Contribution Worksheet

Date: 3/13/07

| ER# 2478 & 4427 |
| --- |

Employer Name:    **Robi Excavating**

Employer contribution history

      1. Plan year 1997 -   $ 3,440.00
      2. Plan year 1998 -   $ 14,396.00
      3. Plan year 1999 -   $ 16,548.00
      4. Plan year 2000 -   $ 36,612.00
      5. Plan year 2001 -   $ 23,913.00
      6. Plan year 2002 -   $ 23,440.00
      7. Plan year 2003 -   $ 16,778.00
      8. Plan year 2004 -   $ 3,702.00
      9. Plan year 2005 -   $ 5,280.00
    10. Plan year 2006 -   $ 0.00

Highest Contribution Rate: $ 132.00 per week.

Jun 27 07 05:32p        Cheiron Chicago              312-629-0798              p.3

**Suburban Teamsters of Northern Illinois Pension Plan**
Withdrawal Liability Calculation for Employers Withdrawing During 2005
Employer:  Robi Excavating, Inc.

Contribution Ratio

1.  Contribution history

| | Plan Year Ended | Withdrawing Employer | All Employers |
|---|---|---|---|
| a. | 12/31/1997 | $3,340 | $12,096,364 |
| b. | 12/31/1998 | 14,396 | 13,223,359 |
| c. | 12/31/1999 | 16,548 | 14,752,462 |
| d. | 12/31/2000 | 36,612 | 16,928,651 |
| e. | 12/31/2001 | 23,913 | 18,662,984 |
| f. | 12/31/2002 | 23,440 | 19,863,738 |
| g. | 12/31/2003 | 16,778 | 21,689,466 |
| h. | 12/31/2004 | 3,702 | 23,393,802 |

2.  Contribution ratio for allocating changes in liability
   a.  Contribution ratio for allocating 12/31/2001 change in liability          0.001253
   b.  Contribution ratio for allocating 12/31/2002 change in liability          0.001377
   c.  Contribution ratio for allocating 12/31/2003 change in liability          0.001276
   d.  Contribution ratio for allocating 12/31/2004 change in liability          0.001039

Employer's Share of 12/31/2004 UVB

1.  Share of prior years' pools ($0)                                               $0
2.  Share of 12/31/2001 pool ($16,330,730)                                     20,462
3.  Share of 12/31/2002 pool ($40,808,045)                                     56,193
4.  Share of 12/31/2003 pool (-$7,607,162)                                      (9,707)
5.  Share of 12/31/2004 pool ($2,947,849)                                        3,063
6.  Sum of pools                                                               $70,011
7.  De minimus amount: lesser of $50,000 and 3/4 of 1%
    of plan's UVB                                                              50,000
8.  Reduction in employer's share of UVB                                       50,000
9.  Employer's share of UVB (#4 - #6)                                          20,011

Jun 27 07 05:32p        Cheiron Chicago              312-629-0798        p.4

**Suburban Teamsters of Northern Illinois Pension Plan**
Quarterly Repayment Schedule for Employers Withdrawing During 2005
Employer: Robi Excavating, Inc.

1.  Employer's share of UVB                                    $20,011

2.  Annual withdrawal liability payment

| | Weeks Worked | Contribution Rate | |
|---|---|---|---|
| 1995 plan year | 0 | | |
| 1996 plan year | 0 | | |
| 1997 plan year | 43 | | |
| 1998 plan year | 178 | | |
| 1999 plan year | 183 | | |
| 2000 plan year | 368 | | |
| 2001 plan year | 217 | | |
| 2002 plan year | 206 | | |
| 2003 plan year | 136 | | |
| 2004 plan year | 30 | 132.00 | |
| High 3-year average of weeks worked | | | 264 |
| Highest contribution rate in the 10-year period | | | 132.00 |
| Annual withdrawal liability payment | | | 34,848 |

3.  Valuation interest rate                                    8.00%

4.  Period of repayment                                        3 quarters

5.  Payment for first 2 quarters                              $8,965

6.  Final payment                                             $2,340

CHEIRON                                                    6/27/2007

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Zygmunt Gorwacki
Secretary
Robt. Excavating, Inc.
1124 Foxpath
West Dundee, IL 60118

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Eleanor_    ☐ Agent
                ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
E. GORWACKI    7-11-07

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

ceived

JUL 12 2007

rd Office

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7003 0500 0003 7466 8937

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 05 C 5977 |
| ROBI EXCAVATING, INC. an Illinois corporation not in good standing, | ) ) ) | Judge Castillo Magistrate Judge Nolan |
| Defendant. | ) ) | |

**EXHIBIT**
tabbies®
3

## <u>MOTION TO REINSTATE AND FOR JUDGMENT IN SUM CERTAIN</u>

NOW COMES the Plaintiff, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND, by and through its attorney, JOHN J. TOOMEY, ARNOLD AND KADJAN, and moves to reinstate the case which was previously dismissed without prejudice on February 27, 2006 and pursuant to FRCP 55 move for entry of a default judgment in sum certain based upon the Defendant's default in the settlement agreement as stated in the supporting Affidavits attached hereto. In support of its Motion, Plaintiffs state as follows:

1.    On February 27, 2006, the case was voluntarily dismissed pursuant to the terms of a written settlement agreement which called for the prompt payment of the installment payments copies of which are attached to the Affidavit of Olga Kane as Exhibits A and B..

2.    Defendant is now in default as to terms of the settlement agreement and as supported by the attached Affidavits the sums due are:

$8,005.80    Pension
$11,203.80    Welfare
$3,006.25    Attorneys fees
$335.00    Court costs
$22,550.85

WHEREFORE, Plaintiff prays that the action be reinstated and for the entry of judgment against Defendant, ROBI EXCAVATING, INC., an Illinois corporation and in favor of Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS in the amount of $22,550.85.

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS WELFARE AND
PENSION FUNDS

By: _____  3-24-06
     One of Its Attorneys

JOHN J. TOOMEY
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | No. 05 C 5977 |
| v. | ) ) ) | Judge Castillo |
| ROBI EXCAVATING, INC. an Illinois corporation not in good standing, | ) ) ) | Magistrate Judge Nolan |
| Defendant. | ) ) | |

AFFIDAVIT IN SUPPORT OF
~~ATTORNEYS' FEES~~

NOW COMES the undersigned, JOHN J. TOOMEY, upon being first duly sworn, deposes and states as follows:

1.    The undersigned is counsel of record in Case No. 05 C 5977.

2.    Affiant is an attorney licensed to practice law in the State of Illinois since 1978. Affiant is admitted to the trial Bar of the Northern District of Illinois, the Central District of Illinois and the Seventh, Eighth, Second, Eleventh Circuit Courts of Appeal, U. S. Tax Court and the United States Supreme Court.

3.    The time spent in the case are as follows, were reasonably necessary in the prosecution of the case, and no paralegals were used:

| | | |
|---|---|---|
| October 18, 2005 | Open file; draft complaint and summons and file with court | 2 hours |
| October 20, 2005 | Letter to special process server | .5 hours |
| November 3, 2005 | Letter to defendants enclosing Judge Castillo's Order of November 1, 2005 | .5 hours |
| December 2, 2005 | Conference with Paul Brocksmith | .5 hours |

| December 7, 2005 | Conference with Local 673 regarding Robi's status in union | .25 hours |
| December 13, 2005 | Conference with Paul Brocksmith | .5 hours |
| December 15, 2005 | Appearance in court on status | 1.0 hour |
| December 21, 2005 | Conference with client; conference with Paul Brocksmith regarding scheduling of audit | .25 hours |
| December 23, 2005 | Conference with Robi and client | .5 hours |
| December 29, 2005 | Conference with client regarding audit | .5 hours |
| January 3, 2006 | Letter to Paul Brocksmith enclosing audit | .5 hours |
| January 5, 2006 | Appearance in court on status | 1.0 hour |
| January 17, 2006 | Conference with Paul Brocksmith | .25 hours |
| January 23, 2006 | Voice mail message to Paul Brocksmith | .25 hours |
| January 24, 2006 | Conference with Paul Brocksmith conference with client; preparation of letter to Paul Brocksmith, Chris Garwacki and preparation of Pension and Welfare Installment Notes; voice mail message to Judge's clerk re: status hearing scheduled for January 26, 2006 | 1.5 hours |
| January 25, 2006 | Conference with Paul Brocksmith; conference with court clerk re: continuing status; revisions to Pension and Welfare Installment Notes to change the date of the audit period | .5 hours |
| January 31, 2006 | Conference with Paul Brocksmith | .25 hours |
| February 2, 2006 | Letter to client enclosing checks representing the down payments on the installment notes dated January 31, 2006 | .5 hours |
| February 7, 2006 | Faxing of amortization schedule to client; three conferences client | .75  hours |

| February 13, 2006 | Letter to Paul Brocksmith and preparation of Stipulation of Dismissal without prejudice | 1.0 hour |
| February 15, 2006 | Reminder letter to Robi regarding the March 1, 2006 installment payments | .25 hours |
| February 16, 2006 | Letter to Paul Brocksmith enclosing stamped copy of the Stipulation of Dismissal without prejudice | .5 hours |
| March 24, 2006 | Draft Motion for Judgment in Sum Certain | 1.5 hour |
| | Court appearance on Motion for Judgment in Sum Certain | 1.0 hour |

4.   The costs expended in prosecuting the case are:

| Filing fee | $250.00 |
| Service of process Complaint at Law | $70.00 |
| UPS overnight charges | $15.00 |
| Total | $335.00 |

5.   Reasonable value of such services is One Hundred Eighty Five Dollars per hour:

$185.00 x 16.25 hours       $3,006.25

6.   The total in fees and costs expended are:

| Attorneys' fees | $3,006.25 |
| Costs | $335.00 |
| Total | $3,341.25 |

FURTHER AFFIANT SAYETH NOT.

_____   3/24/06
JOHN J. TOOMEY

JOHN J. TOOMEY
ARNOLD AND KADJAN
19 W. Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 5977 |
| v. | ) | |
| | ) | Judge Castillo |
| ROBI EXCAVATING, INC. | ) | |
| an Illinois corporation not in good standing, | ) | Magistrate Judge Nolan |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF OLGA KANE**

I, Olga Kane, upon being first duly sworn, deposes and states as follows:

l.       I have been employed as a bookkeeper by the law firm of Arnold and Kadjan,
counsel to Plaintiffs, for over ten years.

2.       One of my duties is to monitor all delinquent contractors' payments and other
charges on installment note programs.

3.       This process includes receiving and accounting for all payments made thereon
and computing a running tally of the remaining balances for each contractor.

4.       Attached hereto as Exhibit A is a copy of the Pension Installment note entered
into by Chris Garwacki, President of Robi Excavating, Inc. and Chris Garwacki, Individually for
benefits and other charges admitted by him to be owed.

5.       Attached hereto as Exhibit B is a copy of the Welfare Installment note entered
into by Chris Garwacki, President of Robi Excavating, Inc. and Chris Garwacki, Individually for
benefits and other charges admitted by him to be owed..

5.       The current balance owing on the defaulted Pension Fund Installment Note is
$8,005.80.  See ledger attached as Exhibit "C".

6.    The current balance owing on the defaulted Welfare Fund Installment Note is $11,203.80.  See ledger attached as Exhibit "D".

7.    The total due on both installments notes is $19,209.60.

FURTHER AFFIANT SAYETH NOT.


_Olga Kane_
OLGA KANE


SUBSCRIBED AND SWORN
to before me this 23rd day of
March, 2006.

Official Seal
Carol Collins
Notary Public State of Illinois
My Commission Expires 07/20/07

# **EXHIBIT A**

Case 1:08-cv-00790    Document 21-9    Filed 06/25/2008    Page 30 of 45
01/25/2006 Case 1:05-cv-05977555    Document 23-3    Filed 03/24/2006    Page 4 of 10 PAGE 06
01-24-'06 15:03 FROM-Arnold & Kadjan    3123410438    T-494 P005/008 F-441

## INSTALLMENT NOTE- PENSION

**$8,281.08 principal and interest** _____    **January 24, 2006**

For Value Received, the undersigned promises to pay to the order of **SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND** the principal sum of **Eight Thousand Five Dollars and 80/100 ($8,005.80)** Dollars. The remaining unpaid principal shall bear interest at the rate of 10% per annum over the life of the note.

Employer shall make a down payment of $3,000.00 on February 1, 2006.

Employer shall pay on the **1st** day of **March, 2006**, the sum of **Four Hundred Forty and 09/100 Dollars ($440.09)**; on the **1st** day of each month thereafter for 10 consecutive months the sum of **Four Hundred Forty and and 09/100 ($440.09)** Dollars, and a final payment of **Four Hundred Forty and 09/100 ($440.09)** Dollars on the **1st** day of **February, 2007**.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of **18** per cent per annum. Payments of both principal and interest shall be made at **ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL   60604-3958** or such other place as the legal holder hereof may from time to time in writing appoint.

**EMPLOYER IS TO REMAIN CURRENT IN ITS FUND CONTRIBUTIONS DURING THE TERM OF THIS NOTE.** Failure to do so will be considered a default, causing the remaining unpaid Note balance to become immediately due and payable.

The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint and several.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

Audit period
June, 2005 through
August, 2005

ROBI EXCAVATING, INC.

By: _____
Chris Gerwacki, President

_____
Chris Gerwacki, Individually

The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act, 29 U.S.C. 1145 and is given in settlement of the lawsuit filed in Case No. 05 C 5977 in the Federal District Court for the Northern District of Illinois.

# EXHIBIT B

## INSTALLMENT NOTE- WELFARE

**$11,654.88 principal and interest**                          **January 24, 2006**

For Value Received, the undersigned promises to pay to the order of **SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE FUND** the principal sum of **Eleven Thousand Two Hundred Three Dollars and 80/100 ($11,203.80)** Dollars.  The remaining unpaid principal shall bear interest at the rate of 10% per annum over the life of the note.

Employer shall make a down payment of $3,000.00 on February 1, 2006.

Employer shall pay on the **1st** day of **March, 2006**, the sum of **Seven Hundred Twenty One and 24/100 Dollars ($721.24)**; on the **1st** day of each month thereafter for 10 consecutive months the sum of **Seven Hundred Twenty One and 24/100 ($721.24)** Dollars, and a final payment of **Seven Hundred Twenty One and 24/100 ($721.24)** Dollars on the **1st** day of **February, 2007**.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal.  Any installments of principal not paid when due shall bear interest after maturity at the rate of **18** per cent per annum.  Payments of both principal and interest shall be made at **ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL  60604-3958** or such other place as the legal holder hereof may from time to time in writing appoint.

**EMPLOYER IS TO REMAIN CURRENT IN ITS FUND CONTRIBUTIONS DURING THE TERM OF THIS NOTE.**  Failure to do so will be considered a default, causing the remaining unpaid Note balance to become immediately due and payable.

The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint and several.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

Audit period                          ROBI EXCAVATING, INC.
June, **2005** through
August, 2005
                                      By: _____
                                          Chris Garwacki, President

                                      _____
                                      Chris Garwacki, Individually

The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act, 29 U.S.C. 1145 and is given in settlement of the lawsuit filed in Case No. 05 C 5977 in the Federal District Court for the Northern District of Illinois.

# EXHIBIT C

Robi Pension                6010-181        Suburban Teamsters
920 W. Algonquin Road                        Pension Fund
Algonquin, Illinois  60102                   JJT

$8,005.80

$8,005.80

| DUE DATE | AMT. DUE | DATE REC. | AMT REC'D | CHECK # | BALANCE |
|---|---|---|---|---|---|
| 02/01/06 | $3,000.00 | 2/1/2006 | $3,000 | #1681 | $5,005.80 |
| 03/01/06 | $440.09 | | | | $4,607.43 |
| 04/01/06 | $440.09 | | | | $4,205.74 |
| 05/01/06 | $440.09 | | | | $3,800.70 |
| 06/01/06 | $440.09 | | | | $3,392.28 |
| 07/01/06 | $440.09 | | | | $2,980.46 |
| 08/01/06 | $440.09 | | | | $2,565.21 |
| 09/01/06 | $440.09 | | | | $2,146.50 |
| 10/01/06 | $440.09 | | | | $1,724.30 |
| 11/1/2006 | $440.09 | | | | $1,298.58 |
| 12/1/2006 | $440.09 | | | | $869.31 |
| 1/1/2007 | $440.09 | | | | $436.46 |
| 2/1/2007 | $440.09 | | | | 0- |

# EXHIBIT D

Robi Pension                    6010-181        Suburban Teamsters
920 W. Algonquin Road                           Welfare Fund
Algonquin, Illinois  60102                      JJT

$11,203.80

$11,203.80

| DUE DATE | AMT. DUE | DATE REC. | AMT REC'D | CHECK # | BALANCE |
|----------|----------|-----------|-----------|---------|---------|
| 02/01/06 | $3,000.00 | 2/1/2006 | $3,000 | #1682 | $8,203.80 |
| 03/01/06 | $721.24 | | | | $7,550.93 |
| 04/01/06 | $721.24 | | | | $6,892.61 |
| 05/01/06 | $721.24 | | | | $6,228.81 |
| 06/01/06 | $721.24 | | | | $5,559.48 |
| 07/01/06 | $721.24 | | | | $4,884.57 |
| 08/01/06 | $721.24 | | | | $4,204.03 |
| 09/01/06 | $721.24 | | | | $3,517.82 |
| 10/01/06 | $721.24 | | | | $2,825.90 |
| 11/1/2006 | $721.24 | | | | $2,128.21 |
| 12/1/2006 | $721.24 | | | | $1,424.71 |
| 1/1/2007 | $721.24 | | | | $715.34 |
| 2/1/2007 | $721.24 | | | | 0- |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 05 C 5977 |
| v. | ) |
| | ) Judge Castillo |
| ROBI EXCAVATING, INC. | ) |
| an Illinois corporation not in good standing, | ) Magistrate Judge Nolan |
| | ) |
| Defendant. | ) |

<u>ORDER OF JUDGMENT</u>

This matter coming to be heard upon Plaintiff's Motion for Judgment in a sum certain and

the court being fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

That judgment is entered in favor of the Plaintiff TRUSTEES OF THE SUBURBAN
TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS and against the
Defendant, ROBI EXCAVATING, INC., an Illinois corporation in the amount of $22,550.85.

Dated:

Enter:

_____
HONORABLE JUDGE CASTILLO

FILED
LAL

OCT 1 8 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | **05C 5977** |
| v. | ) ) | No. |
| ROBI EXCAVATING, INC. an Illinois corporation not in good standing, | ) ) ) | Judge |
| Defendant. | ) ) | |

JUDGE CASTILLO

MAGISTRATE JUDGE NOLAN

## COMPLAINT

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS

PENSION FUND ("Fund"), by their attorneys, JOHN J. TOOMEY, ARNOLD AND KADJAN,

complain against Defendant, ROBI EXCAVATING, INC., an Illinois corporation not in good

standing, as follows:

### JURISDICTION AND VENUE

1.   This is an action for collection of withdrawal liability, interest, and penalties

incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2.   This action arises under the Employee Retirement Income Security Act of 1974

("ERISA") as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C.

§1001-1461 ("ERISA").

3.   This Court has jurisdiction over this action under Sections 502(e), 502(f), and

4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

4.   Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C.

§§1132(e)(2) and 1451(d), in that the Suburban Teamsters of Northern Illinois Pension Fund is

administered at its principal place of business in West Chicago, Illinois.

EXHIBIT
4

## PARTIES

5.      Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND ("Fund"), and the Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

6.      The present trustees of the Pension Fund are the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. §1301(a)(10)(A).    The Trustees administer the Pension Fund at 1275 W. Roosevelt Road, West Chicago, Illinois.

7.      Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

8.      ROBI EXCAVATING, INC., is an Illinois corporation not in good standing with its principal place of business at Elgin, Illinois and is or was engaged in an industry affecting commerce.

9.      ROBI EXCAVATING, INC. and any other trades and business under common control with them (the "Robi Control Group") constitutes a single employer within the meaning of 29 U.S.C. 1301(b)(1) and the regulations thereunder.

10.     The Robi Control Group is the "employer" for purposes of the determination of withdrawal liability under Title IV of ERISA.

11.     ROBI EXCAVATING, INC. was subject to collective bargaining agreements, executed between itself and Suburban Teamsters of Northern Illinois under which ROBI EXCAVATING, INC. was required to make contributions to the Pension Fund on behalf of certain of its employees.

2

## CLAIM FOR RELIEF

12.     The Pension Fund has determined that during the plan year from January 1, 2004 to December 31, 2004, the Robi Control Group permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. §1383.

13.     As a result of this complete withdrawal, all entities constituting the Robi Control Group including ROBI EXCAVATING, INC. incurred withdrawal liability to the Pension Fund in the amount of $20,779.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. §1381(b) (the "Withdrawal Liability").

14.     On or about April 29, 2005 ROBI EXCAVATING, INC. received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382(2) and 1399(b)(1).

15.     The notice notified ROBI EXCAVATING, INC. that it was required to discharge its liability in three (3) quarterly payments beginning May 15, 2005 of $7,855.00 with a final payment of $5,446.00.

16.     On or about August 2, 2005 the Robi controlled group through ROBI EXCAVATING, INC. and its counsel, received a notice from the Pension Fund pursuant to 29 U.S.C. 1399(c)(5)(A) that its withdrawal liability payments were past due.

20.     Pursuant to 29 U.S.C. 1399(c)(2) withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review. No such request for review has been made by Defendant.

21.     To date no member of the Robi Control Group including Defendant, ROBI EXCAVATING, INC. has made any of the requested withdrawal liability payments to the Pension Fund. The Robi Control Group is in default within the meaning of 29 U.S.C. 1399(c)(5).

3

22.     As a result of the default, the Trustees have accelerated the payment of the full amount of withdrawal liability and the Robi Control Group is now liable for the full amount of withdrawal liability assessed of $20,779.00 together with interest calculated from the May 15, 2005 due date of the missed payment giving rise to the default.

22.     The members of the Robi Control Group including Defendant, ROBI EXCAVATING, INC. are jointly and severally liable for the withdrawal liability.

WHEREFORE, Plaintiffs request the following relief:

A.     A judgment for the Plaintiffs and against the Defendant ROBI EXCAVATING, INC. , together with all other members of the Robi Control Group, jointly and severally for the full amount of withdrawal liability assessed of $20,779.00 together with interest calculated from May 15, 2005 through the date of the judgment.

B.     Pursuant to 29 U.S.C. 1451(e), an award of all costs and expenses incurred in connection with the action including reasonable attorneys fees.

C.     Such further or different equitable relief as the court deems just and proper to protect the assets of the Pension Fund and assure prompt payment.

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS PENSION FUND

By: _____
            One of Its Attorneys

John J. Toomey
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415

4

AEE

FILED

FEBRUARY 6, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND | ) | |
| | ) | |
| | ) | **08 C 790** |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | Judge |
| ROBI EXCAVATING, INC. | ) | **JUDGE BUCKLO** |
| an Illinois corporation, | ) | |
| | ) | Magistrate Judge    **MAGISTRATE JUDGE ASHMAN** |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS

PENSION FUND ("Fund"), by their attorneys, JOHN J. TOOMEY, ARNOLD AND KADJAN,

complain against Defendant, ROBI EXCAVATING, INC., an Illinois corporation, as follows:

### JURISDICTION AND VENUE

1.    This is an action for collection of withdrawal liability, interest, and penalties

incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2.    This action arises under the Employee Retirement Income Security Act of 1974

("ERISA") as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C.

§1001-1461 ("ERISA").

3.    This Court has jurisdiction over this action under Sections 502(e), 502(f), and

4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

4.    Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C.

§§1132(e)(2) and 1451(d), in that the Suburban Teamsters of Northern Illinois Pension Fund is

administered at its principal place of business in West Chicago, Illinois.



EXHIBIT
5

**PARTIES**

5.      Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND ("Fund"), and the Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

6.      The present trustees of the Pension Fund are the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. §1301(a)(10)(A).    The Trustees administer the Pension Fund at 1275 W. Roosevelt Road, West Chicago, Illinois.

7.      Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

8.      ROBI EXCAVATING, INC., is an Illinois corporation with its principal place of business at Elgin, Illinois and is or was engaged in an industry affecting commerce.

9.      ROBI EXCAVATING, INC. and any other trades and business under common control with them (the "Robi Control Group") constitutes a single employer within the meaning of 29 U.S.C. 1301(b)(1) and the regulations thereunder.

10.     The Robi Control Group is the "employer" for purposes of the determination of withdrawal liability under Title IV of ERISA.

11.     ROBI EXCAVATING, INC. was subject to collective bargaining agreements, executed between itself and Teamsters Local 673 under which ROBI EXCAVATING, INC. was required to make contributions to the Pension Fund on behalf of certain of its employees.

2

## CLAIM FOR RELIEF

12.     The Pension Fund has determined that during the plan year from January 1, 2005 to December 31, 2005, the Robi Control Group permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. §1383.

13.     As a result of this complete withdrawal, all entities constituting the Robi Control Group including ROBI EXCAVATING, INC. incurred withdrawal liability to the Pension Fund in the amount of $20,011.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. §1381(b) (the "Withdrawal Liability").

14.     On or about July 2, 2007 ROBI EXCAVATING, INC. received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382(2) and 1399(b)(1).

15.     The notice notified ROBI EXCAVATING, INC. that it was required to discharge its liability in two (2) quarterly payments beginning July 15, 2007 of $8,965.00 with a final payment of $2,340.00 on January 15, 2008.

16.     Pursuant to 29 U.S.C. 1399(c)(2) withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review. No such request for review has been made by Defendant.

17.     To date no member of the Robi Control Group including Defendant, ROBI EXCAVATING, INC. has made any of the requested withdrawal liability payments to the Pension Fund.

18.     As a result of the non-payment, the Robi Control Group is now liable for the full amount of withdrawal liability assessed of $20,011.00 together with interest calculated from the July 15, 2007 due date of the first missed payment.

3

19.     The members of the Robi Control Group including Defendant, ROBI EXCAVATING, INC. are jointly and severally liable for the withdrawal liability.

WHEREFORE, Plaintiffs request the following relief:

A.      A judgment for the Plaintiffs and against the Defendant ROBI EXCAVATING, INC. , together with all other members of the Robi Control Group, jointly and severally for the full amount of withdrawal liability assessed of $20,011.00 together with interest calculated from July 15, 2007 through the date of the judgment.

B.      Pursuant to 29 U.S.C. 1451(e), an award of all costs and expenses incurred in connection with the action including reasonable attorneys fees.

C.      Such further or different equitable relief as the court deems just and proper to protect the assets of the Pension Fund and assure prompt payment.

Respectfully submitted,

**s/John J. Toomey**
ARNOLD AND KADJAN
19 W. Jackson Blvd., Suite 300
Chicago, IL 60604
Telephone No.:  (312) 236-0415
Facsimile No.:  (312) 341-0438
Dated:  January 31, 2008

4