

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 08 C 790 ) ) Judge Bucklo |
| ROBI EXCAVATING, INC. an Illinois corporation, | ) ) ) Magistrate Judge Ashman ) |
| Defendant. | ) |

## AGREED PROECTIVE ORDER

Upon consideration of the submissions of the parties and recognizing that Plaintiff Trustees of the Suburban Teamsters of Northern Illinois Pension Fund, ("Plaintiff") has sought discovery in this matter of certain financial and tax -related documents from Defendant Robi Excavating, Inc., ("Defendant") that are confidential in nature, and the parties having conferred and agreed, it appears that a protective order should be entered pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 26(b)(5)(c) and the applicable Local Rules.

IT IS HEREBY ORDERED:

1. All financial and tax records provided by defendant in this case that contain financial information are designated CONFIDENTIAL.

2. Except as otherwise provided herein, the CONFIDENTIAL documents shall be viewed only by Plaintiffs' attorneys or experts and by other necessary parties such as witnesses, court reporters, and copy services. No CONFIDENTIAL document or the contents thereof shall be disclosed by the attorney receiving it to any other person or

1

entity except experts, witnesses at deposition or trial, and to employees of the attorneys' law firm who are assigned to assist in this matter. As to those documents containing Social Security numbers, counsel for Plaintiffs shall ensure that these documents are redacted so as not to disclose the last four digits, or in the alternative only the last four digits, of the Social Security numbers appearing on any such documenbts.

3. The parties have agreed that this information, and the documents containing this information, are not to be disclosed by Plaintiffs to any person other than those identified above.

4. No CONFIDENTIAL document shall be filed with this Court except under seal. The parties shall not file, e-file, or submit to this Court any CONFIDENTIAL document covered by this protective order, unless redacted to conceal the confidential document contained therein, and neither party shall file, e-file, or submit to this Court any document containing information contained in any CONFIDENTIAL document. fidential information shall be used for purposes only related to this litigation.

5. All confidential information disclosed pursuant to this order shall be used solely for the purpose of maintaining the present litigation, including any appeals or retrials, and not for any other purpose. This provision is inapplicable to the Court, court employees, or members of the jury seated in this action. In all cases no CONFIDENTIAL document or information shall be disclosed to any other person after the termination of this litigation.

6. When or if confidential information is to be discussed at a deposition or pretrial proceeding, either party may designate and seek to exclude and excuse from the room any person with no privilege under this Order to be present during such discussion.

This provision is inapplicable to any person serving as court reporter. Any deposition testimony or questions revealing confidential information shall be separately bound in the transcript thereof, and marked "CONFIDENTIAL PURSUANT TO COURT ORDER."

7. Any disclosure of any CONFIDENTIAL document or confidential information by either party to this litigation, to any person or in any manner contrary to the provisions of this order, will serve as the basis for the imposition by this Court, in its sole discretion, of sanctions, including, but not limited to: a bar to the use of any such document or information by the offending party at trial, fines, attorneys fees, dismissal, or default, depending on the identity of the offending party and the degree to which the party has acted in deviation from the terms of this Order.

8. Nothing in this Order shall prevent any party from seeking modification of this Order. Nothing in this Order constitutes a ruling as to whether any particular material is properly discoverable or admissible, and constitutes no ruling on any potential objection to the discoverability of any material.

9. No more than ninety (90) days after the final judgment is entered, or the last appeal is concluded in this litigation, all copies and originals of the CONFIDENTIAL documents and information provided to Plaintiffs by Defendants shall be returned to Defendants, except that counsel for each party may maintain copies of any notes or summaries based on such confidential information, in their master file for this case, provided that any such notes or summaries are clearly designated as confidential or affixed with another legend indicating that the materials are subject to this Order.

AGREED TO BY:

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS PENSION FUND

_____
One of their attorneys

ROBI EXCAVATING, INC.

_____
One of its attorneys

It is so ordered this 19 day of ~~May~~ June 2008.

ENTER:

_____
Judge

PREPARED BY:
Burr E. Anderson
Anderson Law Offices
407 South Dearborn – Suite 1085
Chicago, IL 60605-1117
(312) 957-1100
burranderson@sbcglobal.net

APPROVED BY COUNSEL FOR PLAINTIFF:

_____  Dated: 6/6/08

4