### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND | ) ) ) |
| Plaintiff, | ) ) ) No. 08 C 790 |
| v. | ) ) Judge Bucklo |
| ROBI EXCAVATING, INC. an Illinois corporation, | ) ) Magistrate Judge Ashman ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFFS'
### L.R. 56.1(a)(3) STATEMENT OF UNCONTESTED FACTS

Defendant, Robi Excavating, Inc. ("Robi"), by and through its attorneys, responds to

plaintiffs' L.R. 56.1(a)(3) Statement of Uncontested Facts as follows; and attaches plaintiffs'

supplemental response to interrogatories and excerpts of discovery initiated by plaintiffs (Group

Exhibit A).

#### The Fund

**15.     Plaintiffs Trustees of the Suburban Teamsters of Northern Illinois Pension Fund ("Trustees") are the plan sponsors of the Pension Fund ("Fund") for the Suburban Teamsters of Northern Illinois, within the meaning of Section 4001(a)(10)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1301(a)(10)(A).  Answer, ¶¶ 5-6; Colin Aff., ¶ 3.**

**RESPONSE:** Admits.

**16.     The Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 28 U.S.C. §§ 1002(37) and 1301(a)(3). Answer, ¶ 5; Colin Aff., ¶ 4.**

**RESPONSE:** Admits.

1

17.    The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements on behalf of employees of the participating employers.  Colin Aff., ¶ 5.

**RESPONSE:** Admits.

18.    All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.  Colin Aff., ¶ 6.

**RESPONSE:** Admits.

**The Defendant**

19.    Defendant Robi is an Illinois corporation with its principal place of business at Elgin, Illinois and is or was engaged in an industry affecting commerce.  Answer, ¶ 8.

**RESPONSE:** Admits.

**Jurisdiction and Venue**

20.    Personal and subject matter jurisdiction over this action is based upon 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c), which have not been objected to by Defendant.  Answer, ¶ 3.

**RESPONSE:** Admits.

21.    The Trustees administer the Fund at 1275 W. Roosevelt Road, West Chicago, Illinois, which is within the District of this Court.  Answer, ¶¶ 4, 6; Colin Aff., ¶ 1.

**RESPONSE:** Admits.

### Robi's Operations

22.    From at least the year ending December 31, 1997 and through the year ending December 31, 2005, Robi employed persons represented for collective bargaining by Teamsters Local 673, whose members participate in the Fund. Colin Aff., ¶ 7.

RESPONSE: Admits.

23.    Robi was subject to a collective bargaining agreement between itself and Teamsters Local 673 requiring Robi to make contributions to the Fund on behalf of certain of its employees.  Answer, ¶ 11.

RESPONSE: Admits.

24.    From at least the year ending December 31, 1997 and through the year ending December 31, 2005, employees of Robi performed work for which Robi then made pension contributions to the Fund for its employees represented by Teamsters Local 673, as called for in the collective bargaining agreement. Colin Aff., ¶ 8; C. Garwicki Dep., p. 6.

RESPONSE: Admits.

### Cessation of the Collective Bargaining Relationship

25.    December 31, 2005 was the last month for which Robi contributed to the Fund on behalf of its employees for work performed.  Response to Plaintiffs' Req. to Admit, ¶ 1; Colin Aff., ¶ 10; C. Garwicki Dep., p. 9.

RESPONSE: Admits.

26.    The notice that Teamsters 673 mailed to Robi which terminated their collective bargaining agreement gave notice of the Union's "intent to terminate [Robi's] current collective bargaining agreement upon contract expiration, March 31, 2006."  Ex. A to Ex. A to Robi's Rule 56.1 Statement.

RESPONSE: Admits.

27.    Robi contributed on only two employees during the period October 1, 2004 through March 31, 2006.  One of these employees, Chris Garwacki, was the President of Robi.  The other employee, Jesse Silva, only worked during

3

the months of June, July, and August, 2005 during that period.  Colin, Aff., ¶ 9; C. Garwacki Dep., p. 4.

RESPONSE: Admits.

28.    The contributions Robi made to the Fund for work performed during June through August, 2005 were made pursuant to a settlement agreement and installment notes that settled case no. 05-C-5977 in the United States District Court for the Northern District of Illinois.  Colin Aff., ¶ 11, Ex. A; C. Garwicki Dep., 12, Ex. 3.

RESPONSE: Admits.

29.    The settlement agreement consisted of two installment notes, one for the Pension Fund and one for the Welfare Fund.  Chris Garwacki, President of Robi, signed each note in his corporate and individual capacity.  Each installment note states next to the signatures: "Audit period June, 2005 through August, 2005."  Colin, ¶ 20, Ex. A; C. Garwicki Aff., p. 12.

RESPONSE: Admits.

30.    The Pension Fund did not enter into the settlement agreement in order to settle its withdrawal liability claim against Robi but merely to receive payment for contributions owed under the collective bargaining agreement. Colin aff., ¶ 20.

RESPONSE: Denies.  Contradicts stipulation to dismiss in Case 05-C-5977 ("*Robi I*").

31.    The Trustees of the Fund, through its Fund Manager Jose M. Colin, originally sent notice of a withdrawal liability determination to Robi on April 29, 2005.  This determination was based upon the fact that the Union had severed its collective bargaining relationship with Robi under the "one-man unit" rule, and based upon the fact that Robi had not contributed to the Fund for any months since September, 2004.  Colin aff., ¶ 18.

RESPONSE: Denies.  Contradicts plaintiffs' responses to discovery (see attached).

32.    After receiving no response from Robi, including no request for review or request for arbitration, the Fund filed suit to collect the withdrawal liability stated in the April 29, 2005 letter.  After suit was filed it came to light that although Robi had not paid any contributions to the Fund for work performed during 2005, Robi had been performing bargaining unit work for which it was still obligated to contribute to the Fund.  Therefore, after Robi

4

began to defend itself in the case, the case was settled for the amount owed in contributions to the Fund and the Welfare Fund, not for withdrawal liability. The Fund, on behalf of itself and the Welfare Fund, later moved to reinstate the case and for judgment, but withdrew the motion.  Colin Aff., ¶ 19; C. Garwicki Dep., Ex. 3.

RESPONSE: Denies Robi I was not settled for withdrawal liability, and states further that this

assertion contradicts the stipulation to dismiss in *Robi I*. Admits remainder.


### Withdrawal Liability and Notice Thereof

33.    Robi ended up withdrawing from the Fund in 2005, not 2004 as the Fund at first believed, through the expiration of its collective bargaining agreement with Teamsters 673 on March 31, 2006 and the fact that no employees of Robi performed work within the scope of the collective bargaining agreement after December 31, 2005 for the remainder of the collective bargaining agreement's term. Colin Aff., 21.

RESPONSE: Denies and states that par. 33 is self-contradictory and contradicts the pleadings

herein.


34.    On July 2, 2007, the Fund Manager for the Trustees, Jose M. Colin, sent Robi a letter stating that, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as modified by the Multiemployer Pension Plan Amendments Act of 1980, the plan's sponsor was notifying Robi of the amount of withdrawal liability that it had incurred due to the cessation of its obligations to contribute to the Fund.  Response to Plaintiffs' Req. to Admit, Ex. A; Response to Plaintiffs' Req. to Admit., ¶ 5; Colin Aff., ¶ 14; C. Garwicki Dep 6, Ex. 2.

RESPONSE: Admits.


35.    The July 2, 2007, letter from Mr. Colin was received by Robi in July, 2007.  Response to Plaintiffs' Req. to Admit., ¶ 5; C. Garwacki Dep., p. 6; Z. Garwacki Dep., p. 4-6.

RESPONSE: Admits.


36.    The July 2, 2007, letter from Mr. Colin, on behalf of the Trustees, stated, *inter alia*, that:

5

Robi Excavating, Inc. completely withdrew from the Suburban
Teamsters of Northern Illinois Pension Fund ("Pension Fund") during
the plan year ending on December 31, 2005.  Under the provisions of
Section 4219 of the Employee Retirement Income Security Act of 1974
("ERISA"), as modified by the Multiemployer Pension Plan
Amendments Act of 1980, you are hereby notified that your company is
obligated to pay the Pension Fund the amount of $20,011.00 as a
withdrawal liability assessment.  This amount is payable in quarterly
installments of $8,965.00, commencing on July, 15, 2007, and with
following payment in the same amount due on October 15, 2007, with a
final payment of $2,340.00 due on January 15, 2008. . . .

If you fail to make any payment when due, the entire balance will
become immediately due and payable and the Pension Fund will assess
interest from the due date and will undertake appropriate legal action
to collect the withdrawal liability.  I also direct your attention to
ERISA Sections 4219 and 4221 for a description of rights you may have
in connection with this assessment of withdrawal liability.

Response to Plaintiff's Req. to Admit, Ex. A; C. Garwacki Dep., p. 6; C.
Garwacki Dep, Ex. 2.

RESPONSE: Admits.


37.    The amount of withdrawal liability, and the payment schedule, were
calculated by the Fund's actuary.  Using the presumptive allocation method,
allowed for under Section 4211(b) of ERISA, 29 U.S.C. Section 1391, the
amount of Robi's total withdrawal liability was calculated to be $20,011.00.
Feinstein Aff., ¶¶ 8, 12.

RESPONSE: Denies withdrawal and withdrawal liability. Admits remainder.


38.    The Fund's actuary also calculated a quarterly payment schedule.
That schedule required two (2) payments of $8,965.00 per quarter, plus a final
payment of $2,340.00.  Feinstein Aff., ¶ 12.

RESPONSE: Admits.


Robi's Failures to Pay, Request a Review or Request Arbitration


39.    Robi failed to make its first withdrawal liability payment of $8,965.00
by the due date of July 15, 2007.  Answer, ¶ 17; Response to Plaintiffs' Req. to
Admit, ¶ 15; Colin Aff., ¶ 17; C. Garwicki Dep., p. 7.

**RESPONSE:** Denies withdrawal liability. Admits no payment.

> **40.    Robi failed to make the second withdrawal liability payment of
> $8,965.00 by the due date of October 15, 2007, as well as the third and final
> withdrawal liability payment of $2,340.00 by the due date of January 15, 2008.
> Answer, ¶ 17; Response to Plaintiffs' Req. to Admit, ¶ 15; Colin Aff., ¶ 17; C.
> Garwicki Dep., p. 7.**

**RESPONSE:** Denies withdrawal liability. Admits no payment.

> **41.    Robi has not paid any amount of the withdrawal liability requested by
> the Fund in the July 2, 2007 letter.  Answer, ¶ 17; Response to Plaintiffs' Req.
> to Admit, ¶ 15; Colin Aff., ¶ 17; C. Garwicki Dep., p. 7.**

**RESPONSE:** Admits.

> **42.    Robi has failed, at any time, to request arbitration of any dispute
> concerning the withdrawal liability determination of the Trustees.  Response
> to Plaintiffs' Req. to Admit ¶ 12; Colin Aff., ¶ 16; C. Garwicki, p. 7.**

**RESPONSE:** Admits, and states that this fact is immaterial given plaintiffs' extensive discovery

(see attached).

> **43.    Robi failed to request review of the Fund's determination of
> withdrawal liability within 90 days of the letter from the Fund dated July 2,
> 2007.  Response to Plaintiffs' Req. to Admit ¶ 11; Colin Aff., ¶ 15; C.
> Garwicki, p. 7.**

**RESPONSE:** Admits.

> **44.    The withdrawal pleaded in "Robi I," the prior case, was determined to
> have occurred during the plan year January 1, 2004 through December 31,
> 2004 and in the amount of $20,779.00.  The withdrawal pleaded in the instant
> case was determined to have occurred during the different plan year of
> January 1, 2005 through December 31, 2005 and in the different amount of
> $20,011.00.  C. Garwicki Dep., Exs. 4-5.**

**RESPONSE:** Denies, and states this compound statement of fact contradicts plaintiff's response

to interrogatories. Further, Robi states that a difference of $768 is *de minimis*.


ROBI EXCAVATING, INC.

By: _____

One of its Attorneys


OF COUNSEL:
Burr E. Anderson
Anderson Law Offices
407 S Dearborn   #1085
Chicago, Illinois   60605
(312) 957-1100
burranderson@employmentlawillinois.com
Atty# 3121649

8