**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No 08 C 790 |
| ROBI EXCAVATING, INC. an Illinois corporation, | ) ) ) | Judge Bucklo, Room 1441 Magistrate Judge Ashman |
| Defendant. | ) ) | |

**REPLY TO FUND'S RESPONSE MEMORANDUM
OF LAW IN SUPPORT OF REPLY AND RESPONSE TO FUND'S
MOTION FOR SUMMARY JUDGMENT**

Defendant ROBI EXCAVATING, INC. ("Robi"), by its attorneys replies to Fund's response memorandum of law in support of reply and response to Fund's motion for summary judgment as follows:

**I**

**THE ARGUMENT OF A FAILURE TO SEEK ARBITRATION
IS MISPLACED AND SUBJECT TO WAIVER**

Plaintiffs have not litigated this case as a withdrawal liability case in which arbitration matters. Instead of seeking judgment based on Robi's failure to seek arbitration, plaintiffs launched extensive discovery. They propounded interrogatories, issued Rule 34 requests and requests to admit, and conducted two depositions (see excerpts of discovery, attached to response to plaintiffs 56.1 statement). Hence the argument that this case thereafter should be decided, and Robi's substantive arguments be ignored, is both illogical and inequitable.

Even if this Court were to apply the mandatory arbitration provisions of Title IV of ERISA as to withdrawal liability, Robi should be permitted to argue its defenses because they involve no issues of fact. Robi's motion for summary judgment is based on res judicata and the plaintiffs' misapplication of Board law, rather than withdrawal liability determination issues under 29 U.S.C §1381-1399.

The courts have considered such arguments in withdrawal liability cases. This case is before this Court, the issues are legal ones, and the Court is more suited to adjudication of legal issues than an arbitrator. *See T.I.M.E.-DC, Inc. v. Trucking Employees of North Jersey Welfare Fund*, 56 FSupp 294 (E.D.N.Y. 1983).

Also. res judicata and the one-man unit rule are threshold issues that should create an exception to the mandatory arbitration rule under 29 U.S.C. §1401. Robi should not be required to arbitrate if this claim is barred by res judicata, and Robi never withdrew. *Banner Industries v. Central States Pension Fund*, 875 F2d 1285, 1293 (7th Cir. 1989).

## II

### THE CASE SHOULD BE DISMISSED ON THE BASIS OF RES JUDICATA AND COLLATERAL ESTOPPEL

Misleadingly plaintiffs assert that *Robi I* was settled "in resolution of unpaid contributions. *not* withdrawal liability [original emphasis]." Whether in settlement Robi remitted unpaid contributions, withdrawal liability payments, or anything else of value. is irrelevant. If a claim is an issue in a lawsuit and the parties settle all disputed issues in the case. the claim is within the scope of the settlement agreement, *McEnany v. West Delaware County Community School District, Worthy v. McKesson Corp.* 756 F2d 1370, 1372 (8th Cir. 1985).

2

Plaintiffs misperceive the notion of dismissal through stipulation. This was a dismissal in federal court under federal law, with prejudice. As expressly stated in the stipulation the parties explicitly demonstrated their intent to foreclose the issue from future litigation. *Levinson v. U.S.*, 969 F2d 260 (7th Cir. 1992) (cited by plaintiffs); *Arizona v. California* 530 U.S. 392 (2000).

Contrary to plaintiffs' argument, the claims in *Robi I* and *Robi II* are the same. To avoid claim preclusion, plaintiffs now identify separate withdrawals under Title IV of ERISA. But the "claims" arise from the same undisputed facts.

As to the amount in controversy, there is a de minimis discrepancy in dollar amounts between the claims in Robi I and the instant case.

Although plaintiff has contrived a second withdrawal, the union advised plaintiff that, under the one-man unite rule, Robi's contract should be terminated. It is undisputed that this was the basis for the instant complaint (see plaintiffs' responses to interrogatories attached to LR 56.1 statement to plaintiff) and *Robi I*.

Furthermore, the responses to interrogatories admit that the impetus for imposing the "one-man unit" rule was the announcement by the union (Local 673) to plaintiff on October 1, 2004 that the union was terminating the agreement. *Id.*

## III

### THE ONE-MAN UNITE RULE ONLY APPLIES TO AN EMPLOYER'S REPUDIATION OF THE LABOR AGREEMENT

Even if res judicata is inapplicable, a termination never occurred. Without citing any authority, plaintiffs urge this Court to re-write the one-man unit rule adopted by the National Labor Relations Board. This rule applies to employers only. Every case out of the NLRB, and

3

the courts, arises in situations in which an employer has repudiated a collective bargaining agreement or withdrawn recognition from the union. Plaintiffs concede this point.

As important, this doctrine is a Board rule of law approved by the Courts of Appeals. Regardless of Title IV of ERISA and its provisions for withdrawal liability, the undisputed precipitating event was the union's mistaken application of the one-man unit rule. This Court defers to NLRB policy in representation and unfair labor practice issues, and is sharply restricted in its role to modify this caselaw. See, e.g., *Legal Aid Society v. Association of Attorneys*, 554 F.Supp 758 (S.D.N.Y. 1982) (employer argued that court should modify NLRB doctrine regarding union fines; court declined to consider this argument).

No precedent extends the doctrine to unilateral terminations by unions. A sampling of Board and court cases already submitted to this Court that apply this doctrine focuses logically and consistently, on the employer's prerogative to repudiate a labor agreement or withdraw recognition. The numerous cases are cited by footnote. And plaintiffs acknowledge that the prerogative rests with employers, not unions.

## CONCLUSION

This case is a reinvention of *Trustees of the Suburban Teamsters, et al v. Robi*, 05 C 5977. The same parties are in this Court with the same claim, notwithstanding the specious argument that a second withdrawal occurred after the one alleged in *Robi I*.

In both cases plaintiffs erroneously have relied on the one-man unit rule. This rule was adopted a generation ago by the National Labor Relations Board and throughout the history of its application by the NLRB and the courts, it has been invoked only by employers. Contrary to years of precedent and the primary jurisdiction of the NLRB, plaintiffs are asking this Court to

expand this doctrine, to permit unions and trust funds to invoke it as well. This Court should decline the invitation. [cite]

Finally, this litigation is too far along to silence Robi (yet permit plaintiffs to conduct fact discovery) under the mandatory arbitration provision of Title IV of ERISA. The law permits employers to raise issues of law in certain cases and this case is one of them.

**WHEREFORE**, defendant Robi Excavating, Inc. prays that this Court enter summary judgment in its favor and against plaintiff Trustees of the Suburban Teamsters of Northern Illinois Pension Fund, and that the Trustees' motion for summary judgment be denied.

ROBI EXCAVATING, INC.

By: _____

One of its Attorneys

OF COUNSEL:
Burr E. Anderson
Anderson Law Offices
407 S Dearborn   #1085
Chicago, Illinois   60605
(312) 957-1100
burranderson@employmentlawillinois.com
Atty# 3121649